### STATE INSURANCE COMPANY vs. GENNETT and others.

### April Term, 1874.

BILL OF INTERPLEADER—COMPLAINANT'S RIGHTS.—A bill of interpleader which so states the complainant's rights as thereby to negative any interest in the thing in controversy, does sufficiently set forth those rights.

SAME—DEFENDANTS' RIGHTS.—A bill of interpleader which contains such a statement of the rights of the defendants as to show a doubtful question between them, about which the complainant should not be compelled to act at his peril, does sufficiently set forth those rights.

SAME.—The allegation in a bill of interpleader that the complainant is "informed" of a certain claim of right by one of the defendants, "but complainant is uncertain as to the point," is fatally defective.

*M. B. Howell,* for complainant.

*J. A. Cartwright,* for Gennett & Co.

THE CHANCELLOR :—Bill of interpleader against Gennett & Co., Rainey & Co., and the mayor and city council of Nashville, to compel the defendants to interplead in the matter of their several claims to fifteen shares of the capital stock of the complainant corporation, originally subscribed by, and belonging to, A. A. Spencer, as shown by the complainant's books. The defendants Gennett & Co. demur to the whole bill, and assign three causes of demurrer.

The first of these causes is that complainant does not sufficiently set forth its own right, and show that it has no interest in the subject-matter of controversy. The argument in support of this ground is, that there is no direct affirmative and positive assertion in the bill that the complainant has no interest in the subject-matter of litigation. It is true that there is no such separate and distinct averment. But the requirement of law is that the bill should state the complainant's rights, "and thereby negative any interest in the thing in controversy." Story's Eq. Pl. § 292. The objection, as put in the demurrer, is in accord with the law, for it is that complainant "does not sufficiently show its own right, and that it has no interest." But the bill does state that Spencer was the owner of the stock in controversy, that complainant's books show the fact, and that complainant concedes the fact. This is a statement of the complainant's "rights," or its position, which, without more, "negatives" any interest in the thing in controversy. It holds the stock for Spencer, or the rightful claimant under him. The complainant, moreover, offers to bring the stock into court, or put it under the control of the court, for the benefit of the party entitled, thus again negativing all interest in the stock.

The third cause of demurrer is that the bill does not show a valid claim in the defendants Rainey & Co., but does show that the attachment of Gennett & Co. was prior to the transfer of the stock to Rainey & Co. It is true

the actual transfer of the stock on the books of the company, made by Spencer's attorney in fact to Rainey & Co., is subsequent to the attachment of the stock, as the property of Spencer, by Gennett & Co. But the bill alleges that in April, 1872, which was prior to the Gennett attachment, it came to the complainant's knowledge that Spencer had transferred his certificate, in the state of New York, to Rainey & Co., and that said Rainey & Co. were threatening legal proceedings against complainant, upon the right acquired by such previous transfer, and notice thereof to complainant. Such transfer and notice, if in other respects unexceptionable, would probably give Rainey the right to demand the transfer as against Spencer, or a subsequent attaching creditor of Spencer. At any rate, there is a doubtful question of right raised by these facts, in which the complainant has no interest, and about which it should not be required to act at its peril.

The second cause of demurrer is that complainant does not specifically set forth the claim of defendants the mayor and city council of Nashville. The allegation of the bill in this regard is that complainant is "informed" that, prior to Gennett & Co.'s attachment, or about the time it was made, the mayor and city council of Nashville caused said stock to be sold for taxes, and bid the same in, "but complainant is uncertain as to this point." The law is that the mere pretext of a conflicting claim is not sufficient; the court must be able to see from the facts stated that there is a question to be tried. Story's Eq. Pl. § 292. The allegation of the bill in this regard is amenable to the objection taken. It does not assert the fact of the sale and bidding in, nor does it show that the city has ever set up any claim to the stock, or is threatening suit. · If the demurrer had been confined to this part of the bill, it would have been well taken. It is too broad, however, for it goes to the whole bill, and the bill being good as between Rainey & Co. and Gennett & Co., as a bill of interpleader, the demurrer must necessarily be overruled.